**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS BONILLA-CASTILLO, | No. 18-73214 |
| Petitioner, | Agency No. A088-727-533 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2022**
Pasadena, California

Before: RAWLINSON and CHRISTEN, Circuit Judges, and SIMON,*** District
Judge.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Michael H. Simon, United States District Judge for the
District of Oregon, sitting by designation.

Carlos Bonilla-Castillo, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals's (BIA) decision affirming the Immigration Judge's (IJ) denial of withholding of removal and protection under the Convention Against Torture (CAT).  We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny Bonilla-Castillo's petition.[1]

We review the denial of withholding of removal and CAT claims for substantial evidence.  *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).  Therefore, "we must uphold the agency determination unless the evidence compels a contrary decision." *Id.*  Because the BIA summarily affirmed the IJ's decision, we review the IJ's decision as the final agency action.  *Khup v. Ashcroft*, 376 F.3d 898, 902 (9th Cir. 2004).

1.      Substantial evidence supports the IJ's adverse credibility determination.  The IJ identified numerous inconsistencies between Bonilla-Castillo's testimony and the record.  Several of the inconsistencies were non-trivial, *see Silva-Pereira v. Lynch*, 827 F.3d 1176, 1186 (9th Cir. 2016), and the IJ gave Bonilla-Castillo sufficient opportunity to explain the inconsistencies, *see Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011), *overruled in part on other grounds*

---

[1]      Because the parties are familiar with the facts, we recite only those facts necessary to decide the petition.

*by Alam v. Garland*, 11 F.4th 1133, 1135–37 (9th Cir. 2021) (en banc).  The IJ also observed that Bonilla-Castillo turned red and was "fidgety" during his testimony. We give "special deference" to these observations.  *Ling Huang v. Holder*, 744 F.3d 1149, 1154 (9th Cir. 2014).  Given the IJ's adverse credibility determination, Bonilla-Castillo's claim for withholding of removal fails because he did not establish persecution on a protected ground or the other elements of this claim.

2. Bonilla-Castillo also contends that the IJ and BIA "erred in precluding the Petitioner's asylum claim."  We disagree.  Bonilla-Castillo was in reinstatement proceedings, and the asylum statute, 8 U.S.C. § 1231(a)(5), provides that an "alien is not eligible and may not apply for any relief under this chapter" if the alien "reentered the United States illegally after having been removed or having departed voluntarily."  *See Perez-Guzman v. Lynch*, 835 F.3d 1066, 1079–80 (9th Cir. 2016) (holding "[i]t was not unreasonable for the agency to conclude § 1231(a)(5)'s prohibition on 'any relief under this chapter' forecloses individuals from applying for asylum relief").

3. An adverse credibility determination does not necessarily defeat a claim for CAT relief, but Bonilla-Castillo's CAT claim fails because "the remaining evidence in the record is insufficient to carry his burden of establishing eligibility for relief."  *Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017).

3

**PETITION DENIED.**